# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| DAVID R. BERRY, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08cv00005 |
| | ) | |
| | ) | **OPINION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   Pamela Meade Sargent |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 29) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

David R. Berry filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered January 7, 2009, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 22.) Counsel for Berry filed a petition seeking approval of a fee of $ 5,000.00 for representing Berry in this

court. By order entered April 23, 2010, the court ordered the Commissioner to respond to the Motion. (Docket Item No. 30.) Thereafter, the Commissioner responded, not objecting to the plaintiff's request for fees. (Docket Item No. 31.) By order entered April 21, 2009, counsel was awarded an attorney's fee in the amount of $ 1,500.00 under the Equal Access to Justice Act, ("EAJA"), found at 28 U.S.C.A. § 2412(d)(1)(A) (West 2006) . (Docket Item No. 28.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2009). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Berry's counsel has provided the court with a fee agreement, stating that Berry will pay counsel a fee equal to 25 percent of all past-due benefits awarded by the Social Security Administration. Counsel has provided the court with a copy of the Social Security Administration's December 20, 2009, Notice Of Award Letter, which states

that it has awarded DIB benefits to Berry.[1] The letter states that it has withheld $11,193.50, or 25 percent, of the past-due disability benefits to pay any claimed attorney's fee.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Berry's counsel has supplied evidence that shows that counsel spent a total of 12 hours in representing Berry in this court. The time expended appears reasonable. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits. Also, the Motion requests a total fee of $ 5,000.00, which, if paid for 12 hours of work, would result in a payment

---

[1] Berry also was awarded past-due SSI benefits in the amount of $22,564.78 by Notice of Award Letter dated October 28, 2009.

of approximately $ 416.66 per hour. While I cannot, in good conscience, find that a fee of more than $ 400.00 an hour in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Berry's fee agreement, which allowed for payment of 25 percent of past-due benefits. Considering that, and in light of the fact that counsel undertook this case under a contingency fee arrangement[2] assuming the risk of no payment if benefits were not awarded, I find that a fee of $5,000.00 is reasonable for the attorney's services before this court.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 5,000.00.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where attorneys' fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case an attorney is not allowed a double recovery in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, this court will further order that Berry's attorney must refund the smaller of the two fees to Berry.

---

[2]In the contingency fee agreement, Berry agreed that his attorney's fee would be 25 percent of any back pay awarded by the Social Security Administration. The court notes that the amount now sought by Berry's attorney, $ 5,000.00, is less than 25 percent of the amount of back pay awarded to Berry.

DATED: May 3, 2010.

/s/ *Pamela Meade Sargent*
    UNITED STATES MAGISTRATE JUDGE